T.C. Memo. 1996-226


UNITED STATES TAX COURT


HERMAN W. BEACHAM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11292-95.                       Filed May 20, 1996.


<u>Marion F. Walker</u>, for petitioner.

<u>John F. Driscoll</u>, for respondent.


MEMORANDUM OPINION

SCOTT, <u>Judge</u>:  This case is before us on petitioner's motion
to reconsider our order of dismissal.

On August 4, 1995, respondent filed a motion to dismiss this
case for lack of jurisdiction on the ground that the petition was
not filed within the time prescribed by section 6213(a)[1] or

---

[1]     All section references are to the Internal Revenue
Code, and all Rule references are to the Tax Court Rules of

section 7502.  On August 18, 1995, petitioner filed a response to respondent's motion, stating that the envelope in which the petition was mailed reflected a mailing date from Birmingham, Alabama, of June 15, 1995, which was within the 90-day period for filing the petition.  On September 7, 1995, this Court entered an order of dismissal for lack of jurisdiction in this case on the ground that the petition was not timely filed.  The motion to reconsider this order of dismissal was calendared for hearing at the trial session of the Court commencing in Birmingham, Alabama, on October 30, 1995, and pursuant to this order, the motion to reconsider came on for hearing.

Petitioner, by agreement with respondent, offered several affidavits and the testimony of two witnesses with respect to the timeliness of the mailing and receipt of the petition in this case.

The record here shows that on March 21, 1995, respondent mailed to petitioner at his last known address by certified mail a notice of deficiency in income tax and additions to tax for the year ended December 31, 1992.  The 90th day after the mailing of the notice of deficiency was June 19, 1995, which was a Monday. Petitioner's witnesses testified that on June 15, 1995, the petition in this case was prepared by an assistant to petitioner's attorney in this case and a summer law clerk in her office.  Sometime in the afternoon of June 15, petitioner's

Practice and Procedure, unless otherwise indicated.

attorney returned to her office, reviewed and signed the petition, and, because of the late hour, actually assisted the assistant and the summer law clerk in making some necessary photostatic copies to file with the petition. Her assistant and summer law clerk put the petition signed by petitioner's attorney in an envelope properly addressed to this Court, placed the proper amount of metered postage on the envelope, and placed a metered postmark of June 15, 1995, on the envelope. After this was done, this envelope, together with other mail from the office of petitioner's attorney that was to be sent out that date was taken by petitioner's attorney's assistant, and he and petitioner's attorney and petitioner's attorney's summer law clerk all left the attorney's office together and went down to the ground floor in the building in which the attorney's office was located in Birmingham, Alabama. The assistant placed all of the mail he had to mail for June 15, 1995, in a U.S. Postal Service mailbox on the ground floor of the building. Petitioner's attorney's summer law clerk and petitioner's attorney saw the assistant place the mail in the mailbox sometime between 5:30 and 6 p.m.

An envelope properly addressed to the U.S. Tax Court in Washington, D.C., and mailed by regular mail from the Birmingham, Alabama, area bearing a U.S. postmark with a date in June 1995 would ordinarily take 3 business days to reach the U.S. Tax

Court. There were no circumstances or events known to or recorded by the post office in Birmingham with respect to disruption in the normal postal service between the post office box in which petitioner's petition was mailed and Washington, D.C., in June 1995.

An attorney practicing in Birmingham who very often mails documents to Washington, D.C., primarily to the Department of Justice, has found that the documents he mails from Birmingham, Alabama, to Washington, D.C., very often take 5 business days to arrive. When a weekend is involved it is not uncommon for receipt of the document to be a week after the date it was mailed.

It is petitioner's position that the evidence shows that the envelope in which the petition in this case was mailed was placed in a U.S. mailbox in Birmingham, Alabama, on June 15 and that its receipt by the Court on June 26 should under the provisions of section 7502, be sufficient to show that the petition was timely filed.

Section 7502(a) provides that a document, including a petition to be filed with the Tax Court, which is properly mailed within the period prescribed for its filing and delivered to the Tax Court after the expiration of such period will be deemed to be filed on the date of the U.S. postmark stamped on the envelope if the U.S. postmark date stamped on the envelope falls within

the period prescribed for filing the document.  With respect to postmarks made by private postage meters, as was the case here, section 7502(b) provides that section 7502 shall apply in the case of postmarks not made by the U.S. Post Office only if and to the extent provided by regulations prescribed by the Secretary or his delegate.  Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., sets forth the conditions under which a private metered postmark, which bears a date within the time allowed for filing a document, will meet the requirements of section 7502 that the postmark date is the filing date.  These regulations provide that if a document containing a private metered postmark is delivered within the time ordinarily required for the delivery of a document properly mailed on the date of the postmark, the date of the private metered postmark will be considered the filing date if it falls on the last day or before the last day allowed for the filing of the document.  This regulation further provides that if the document is not delivered within the time ordinarily required for delivery of such a document, the document will be considered timely filed only if the person who is required to file the document shows that the document was actually deposited in the mail in time to be collected from the place of deposit on or before the last day prescribed for filing, that the delay in the delivery was attributable to delay in the transmission of the mail, and the cause of such delay.

Here, if we accept that petitioner has shown that the document was actually deposited in the mail in time to be collected from the place of deposit on or before the last day prescribed for filing, we cannot under these regulations find that the petition was timely mailed, since petitioner has not shown that the delay in delivery was attributable to delay in the transmission of the mail or, if any such delay occurred, the reason therefor.

Petitioner's first argument is that the document deposited in the mail was actually received in the ordinary time required for documents to be received in Washington from Birmingham. However, if we accept the June 15th postmark which was on the envelope in which the petition was mailed, and the testimony of petitioner's witnesses as showing June 15, 1995, as the date of mailing of the petition, the petition should have been received in Washington on Monday, June 19, 1995, the 90th day after the mailing of the notice of deficiency. If Saturday and Sunday are not counted in the time of normal receipt of mail, it would normally have been received at least by June 20, 1995. We take the Postal Service's statement of the normal time for delivery of mail since, in our view, the experience of one lawyer primarily with mail addressed to one Government agency, even though the occurrence may be frequent, is not sufficient proof of the normal time for delivery of mail. However, if the time experienced by

the lawyer for mail delivery were used, delivery would have been on June 22, 1995, but was not until June 26, 1995. Therefore, clearly, delivery was not within the normal time for mailing if in fact the envelope containing the petition was mailed on June 15, 1995, as petitioner contends.

Since the final date for filing the petition was not until June 19, 1995, we specifically asked petitioner's attorney to state whether petitioner was contending that receipt in the normal time from June 19, 1995, would cause the filing date of the petition to be timely. Petitioner made no argument in this regard. However, the delivery date of June 26 was not within the normal time for transmission of mail from Birmingham, Alabama, to Washington, D.C., in June 1995, according to the experience of the U.S. Postal Service, for a document mailed on June 19, 1995. However, since the actual private metered postmark date was June 15 and the testimony is that June 15 was the date of mailing, it would appear that normal receipt would be judged from that date.

It is certainly unfortunate that a petition purportedly mailed 4 days before the 90th day after the mailing of the notice of deficiency was not received by the Court until the 11th day after its mailing. However, since petitioner used a private metered postmark rather than taking the envelope to the post office and having it postmarked, the regulations have not been complied with in this case since petitioner has not shown that

there was a delay in the transmission of the mail to which the delay in delivery was attributable and since petitioner has not shown any reason for the delay in the transmission of the mail if there was such a delay.  Petitioner in effect argues that since there was a delay in the mail with respect to the envelope containing his petition, the late receipt of the petition was due to a delay in the transmission of the mail.  We do not consider petitioner's interpretation of the regulation the proper interpretation.  However, even if petitioner's interpretation were proper, petitioner has failed to show the cause of the delay.

This Court and other courts have upheld the regulations with respect to when a private metered postmark will be accepted as a filing date.  Lindemood v. Commissioner, 566 F.2d 646 (9th Cir. 1977), affg. T.C. Memo. 1975-195; Fishman v. Commissioner, 51 T.C. 869, 872 (1969), affd. 420 F.2d 491 (2d Cir. 1970).

Based on the facts established by this record, the regulations with respect to mail postmarked by a private postal meter, and the cases of this and other Courts upholding the regulations, we conclude that petitioner has failed to show any reason why this case should not be dismissed for lack of jurisdiction, and, therefore, we shall deny petitioner's motion to reconsider our order of dismissal for lack of jurisdiction of this case entered September 7, 1995.

<u>Petitioner's motion to reconsider the order of dismissal will be denied.</u>